SCHOTT, Chief Judge.
Defendant was convicted of simple burglary in violation of LSA-R.S. 14:62 and sentenced as a fourth offender to thirty years at hard labor. He assigns two errors; that the evidence was insufficient to prove his guilt and that his adjudication as a fourth offender was illegal.
On Sunday morning, August 25, 1984, Sister Angela, principal of Holy Ghost School in New Orleans, discovered that the school had been burglarized during the previous night. She found several windows broken along a breezeway which were the method of access. A number of items were missing from inside the building. The police recovered eight fingerprints from the broken glass one of which was defendant’s. Sister Angela testified that the school grounds were surrounded by a fence and the gates were locked the evening before the burglary; she never gave permission to defendant to enter the grounds; and he had no reason to be there. She stated that there were bingo games at the school on Friday night but access to the building is through a gate and door other than by the breezeway. A neighbor observed two men at 12:40 a.m. on August 24 removing property form the school but he could not identify them.
Since the evidence was entirely circumstantial the state had the burden of excluding every reasonable hypothesis of defendant’s innocence. He argues that the evidence supports the hypothesis that defendant left a fingerprint on the window while passing through the school grounds when school was in session during the previous week; or that he attended the bingo games and took a walk in the breezeway area during a break.
Based upon the testimony of Sister Angela the jury as a rational trier of fact could have found that these hypotheses, while possible, were not reasonable and excluded them. Thus, the evidence was sufficient and this assignment has no merit.
Defendant was sentenced a fourth offender under the Habitual Offender Law, R.S. 15:529.1. This provides habitual offender status for one who commits a felony after having been convicted of a previous felony. Two of the previous convictions used against defendant occurred in 1985. The state concedes this error and acknowledges that defendant is entitled to be re-sentenced.
A review of the record discloses no errors patent other than the sentence error.
Accordingly, the conviction is affirmed, but defendant’s adjudication and sentence as a fourth offender are set aside and the case is remanded to the trial court for resentencing.
CONVICTION AFFIRMED and REMANDED FOR RESENTENCING.